# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| JOSEPH D. CAMPBELL, SR.<br>*Plaintiff*,<br>v.<br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br>*Defendant*. | CASE NO. 6:14-cv-00022<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the parties' cross Motions for Summary Judgment (docket nos. 14 and 16), the Report & Recommendation of United States Magistrate Judge Robert S. Ballou (docket no. 28, hereinafter "R&R"), Plaintiff's Objections to the R&R (docket no. 31, hereinafter "Objections to R&R"), and the Defendant's Response to the Objection to the R&R (docket no. 33). Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to U.S. Magistrate Judge Ballou for proposed findings of fact and a recommended disposition. Judge Ballou filed his R&R, advising this Court to deny Plaintiff's Motion for Summary Judgment and grant the Commissioner's Motion for Summary Judgment. Plaintiff timely filed his Objections, obligating the Court to undertake a *de novo* review of those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). For the following reasons, I will overrule Plaintiff's Objections and adopt Judge Ballou's R&R in full.

## I. BACKGROUND

On March 14, 2011, Plaintiff Joseph Campbell ("Plaintiff") protectively filed an application for supplemental security income ("SSI") payments and disability insurance benefits

1

("DIB") under the Social Security Act (the "Act"), 42 U.S.C. §§ 401–433, 1381–1383f. To receive SSI benefits, Plaintiff must show her disability began on or before the date she applied for benefits, and has lasted or could be expected to last for at least twelve continuous months. 42 U.S.C. §§ 1382(a), 1383(a)(1); 20 C.F.R. §§ 416.202(a), 416.905(a). To receive DIB, plaintiff must show her disability began before the date she was or will be last insured (here, December 31, 2015), and that the disability existed for twelve continuous months. 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B), (d)(1)(A); 20 C.F.R. §§ 404.101(a), 404.131(a).

Plaintiff was born on July 11, 1959, and was considered a person approaching advanced age under the Act on her alleged onset date. *See* Administrative Record (hereinafter "R."), at 30, 244; 20 C.F.R. § 404.1563(c). He has limited education, completing only the eighth grade, but has past relevant work experience as a transmission's mechanic's helper. R. 10, 30, 239, 249.

Plaintiff claims his disability began on February 4, 2011, when he claims work became too difficult after his heart attack in April 2010. R. at 50–51. Since his heart attack, Plaintiff has had a total of three stints inserted. R. 52. Plaintiff alleges he also suffered from cardiac disease, obesity, asthma, anxiety, depression, expressive language disorder, reading disorder, and attention deficit hyperactivity disorder, R. 21, 54–55, 365–435, 496–509, 608–14. During the relevant period of disability, Plaintiff has mild limitations on the ability to provide personal care for himself and can prepare simple meals, do laundry and clean. R. 22, 79, 258–61. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

### A. The ALJ's Decision

The state agency denied Plaintiff's application at the initial and reconsideration levels of administrative review, and on September 14, 2012, Administrative Law Judge ("ALJ") Mark

O'Hara held a hearing to consider Plaintiff's disability claim. R. 18. Counsel representing Plaintiff and a vocational expert both appeared at the hearing. R. 18.

Determining disability, and thus eligibility for Social Security benefits, involves a five-step inquiry. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). In this process, the Commissioner asks whether: (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P, Appendix 1, and the impairment meets the duration requirement in 20 C.F.R. §§ 404.1509 and 416.909; (4) the claimant is able to perform her past relevant work; and (5) the claimant can perform other specific types of work. *Johnson v. Barnhart*, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520).

The claimant has the burden of production and proof in Steps 1–4. *See Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). If the claimant meets that burden, at Step 5 the burden shifts to the Commissioner "to produce evidence that other jobs exist in the national economy that the claimant can perform considering his age, education, and work experience." *Id.* If a determination of disability can be made at any step, the Commissioner need not analyze subsequent steps. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The ALJ found Plaintiff suffers from severe impairments of cardiac disease, obesity, and asthma. R. 20. He also found he meets the insured status requirements of the Act through December 31, 2015, and did not engage in substantial gainful activity during the requested closed period. R. 20. The ALJ further found that "all other impairments" were "non-severe because they did not exist for a continuous period of 12 months, were responsive to medication, did not require significant medical treatment, or did not result in any continuous exertional or

3

non-exertional functional limitations." R. 20. Specifically, the ALJ determined that Plaintiff's drusen of the optic nerve head was non-severe due to the fact that Plaintiff's optometrist opined that it caused minimal decrease in activities. R. 20. Plaintiff's anxiety, depression, cognitive impairment, attention deficit hyperactivity, expressive language disorder, and reading disorder were determined to be non-severe due to not requiring significant medical treatment and not resulting in any continuous exertional or non-exertional functional limitations. R. 20. The ALJ determined that Plaintiff's mental impairments did not result in severe impairment of the four broad functional areas. R. 21.

Although he found Plaintiff "unable to perform any past relevant work as a transmission mechanic's helper" and "has some limitation due to his impairments," the ALJ determined that "the totality of the evidence fails to substantiate that his limitations are of the degree and intensity alleged and that they are of a nature to preclude him from performing basic work activities, at least at the limited light exertional level." R. 24–30. Furthermore, the ALJ determined that Plaintiff has the "residual functional capacity to perform light work . . . except that he would be limited to occasional crawling and climbing of ladders, ropes and scaffolds and would need to avoid concentrated exposure to workplace hazards." R. 21; *see also* 20 C.F.R. §§ 404.1567(b), 416.967(b).

## B. The Summary Judgment Motions

Plaintiff argued in his motion for summary judgment that the ALJ improperly found that his anxiety, depression, and cognitive deficits were not severe impairments for three reasons. First, Plaintiff alleged that the ALJ improperly rejected the opinion of his treating counselor. Specifically, Plaintiff contended that the anxiety induced limitations and functional deficits coupled with his cardiac problems would have more than a minimal effect on his ability to work.

4

Second, the ALJ failed to consider all of his impairments in combination. Finally, the ALJ improperly discounted his credibility.

The Commissioner's motion for summary judgment countered that substantial objective medical evidence supports the ALJ's determination that Plaintiff retained the residual functional capacity to work, notwithstanding his cardiac disease, obesity, asthma, and non-severe medical impairments. In essence, the Commissioner contended that Plaintiff's arguments improperly sought the Court to re-weigh the evidence and decide the case differently. First, the ALJ properly determined, in light of the entire record, Plaintiff had the residual functional capacity to perform work at the light exertional level with certain exceptions. Second, the ALJ properly determined that Plaintiff's mental impairments were not severe because Plaintiff failed to meet his burden and these impairments do not significantly limit Plaintiff ability to do "basic work activities." C.F.R. §§ 404.1521(a); 416.920 (a). The ALJ thoroughly considered the four broad functional areas. Third, the ALJ properly rejected Ms. Rice's non-medical source opinion on Plaintiff's medical functioning applying the proper factors and determined that (1) Ms. Rice failed to provide any support for her opinions; (2) medical evidence failed to support Ms. Rice's opinion; and (3) the brevity of the time that Ms. Rice counseled the Plaintiff. Lastly, the ALJ properly discounted the Plaintiff's credibility through the two-part credibility evaluation. At step two, the ALJ compared Plaintiff's testimony with the available medical evidence and inconsistencies in Plaintiff's own statements.

### C. The Magistrate Judge's Report and Recommendation

Magistrate Judge Robert S. Ballou recommends denying Plaintiff's motion for summary judgment, and granting the Commissioner's motion. In his R&R, the Judge Ballou addressed Plaintiff's contentions that the ALJ erred by finding that his anxiety, depression and cognitive

5

deficits were not severe by: (1) improperly rejecting the opinion of his treating counselor; (2) failing to consider all of his impairments in combination; and (3) by improperly discounting his credibility.

Judge Ballou comprehensively reviewed Plaintiff's work history and medical evidence on record before the ALJ, Plaintiff's hearing testimony, and the ALJ's findings. After extensively detailing Plaintiff's claim history, Judge Ballou notes:

> Having reviewed the record, I find that substantial evidence supports the ALJ's conclusion that Campbell is not disabled, and Campbell's assertions of error essentially ask the court to re-weigh the evidence, which this court cannot do.

R&R 3.

Judge Ballou found the ALJ properly determined that Plaintiff's anxiety, depression, and cognitive deficits were not severe impairments because he had never been hospitalized due to mental health reasons, had fairly normal mental status examinations, and was examined by a psychologist only at the request of his attorney. R&R 4–5. Judge Ballou found that the record supports the ALJ's conclusion that Plaintiff's anxiety, depression, and cognitive deficits are non-severe because they are situational in nature, have been treated conservatively, and will not result in continuous extertional or non-extertional limitations for a period of 12 months. R&R 9. This conclusion is supported by the treatment record of Plaintiff's doctor, Dr. Wodicka. R&R 9.

Judge Ballou also found that the ALJ properly rejected Ms. Rice's opinion because it was conclusory and unsupported by either the longitudinal record or the limited findings on mental status examinations. R&R 10–11. In addition, Judge Ballou found that the ALJ's conclusion that Plaintiff's impairments did not severely affect his four functional areas was supported by substantial evidence.

Judge Ballou determined that the ALJ properly considered all of the evidence relating to Plaintiff's alleged physical and mental impairments and correctly combined this evidence in developing his residual functional capacity.

Lastly, Judge Ballou determined that the ALJ properly weighed Plaintiff's statements with the objective medical evidence found in the record and thus should not be disturbed.

Thus, Judge Ballou concluded that all of the ALJ's determinations were supported by substantial evidence.

## II. STANDARD OF REVIEW

A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). Substantial evidence requires more than a mere scintilla, but less than a preponderance, of evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Johnson*, 434 F.3d at 653.

In determining whether the ALJ's decision was supported by substantial evidence, a reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id.* (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir.

1987)). "Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971). Ultimately, the issue before this Court is not whether Plaintiff is disabled, but whether the ALJ's determination is reinforced by substantial evidence, and whether it was reached through correct application of the law. *Craig*, 76 F.3d at 589.

### III. DISCUSSION

Although Plaintiff groups all of its objections under the recent Fourth Circuit opinion *Mascio v. Colvin*,[1] Plaintiff has several objections that fall outside the scope of *Mascio*.[2] Due to this improper grouping, I will separate each objection to provide a meaningful review of the ALJ's decision. Ultimately, Plaintiff's objections ask this Court to re-weigh the evidence and come to a different conclusion than the ALJ. That is not the function of this Court, and therefore I will deny all of Plaintiff's Objections to the R&R.

#### A. ALJ's Evaluation of Plaintiff's Cognitive Impairments

Plaintiff's first objection argues that Magistrate Judge Ballou erred in finding that substantial evidence supports the ALJ's conclusion that Plaintiff's cognitive impairments were not severe. R. 21–22. Specifically, Plaintiff objects that the ALJ did not properly evaluate Dr. Conley's August 2012 opinion and asks this Court to review the ALJ's analysis at step two of the sequential evaluation process.

---

[1] 780 F.3d 622 (4th Cir. 2015).

[2] For example, the first objection, discussed below, relates to the ALJ's finding concerning Plaintiff's cognitive functioning and anxiety at step two, which is outside the scope of the *Mascio* decision.

8

At step two of the process, the ALJ must determine whether Plaintiff has any "severe" impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Plaintiff has the burden of demonstrating that his impairments are severe. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). While impairments are usually deemed non-severe if they do not significantly limit the person's ability to perform "basic work activities," mental impairments require the ALJ to use a special technique to determine severity. 20 C.F.R. §§ 404.1520a(d)(1); 416.920a(d)(1). Thus, mental impairments will be severe if it causes more than mild limitations in one of four broad functional areas: (1) daily living, (2) social functioning, (3) concentration, persistence, or pace, and (4) decomposition. *Id.*

As Judge Ballou outlined, the ALJ's determination that Plaintiff's cognitive impairments were not severe was supported by substantial evidence, and the ALJ clearly considered each functional area as required. R. 22. Regarding daily living, Plaintiff admitted that he had no problem with this functional area. *Id.* Specifically, Plaintiff stated that he could prepare simple meals, do laundry, and clean. *Id.* Regarding social functioning, Plaintiff reported no issues as he is able to go shopping take his kids to school, does not need assistance when going places, and has no problem getting along with people. *Id.* Regarding, concentration, persistence, or pace, Plaintiff reported that he could handle his own finances and follow spoken instructions, as indicated by his ability to pass the written portion of the driver's exam to become licensed. *Id;* R. 259–60. Lastly, Plaintiff has never experienced decompensation for an extended duration. He has never been hospitalized for any of his psychiatric impairments and has not experienced any increases in his symptoms. R. 22.

As for Dr. Conely's August 2012 opinion, the ALJ clearly considered the finding of examiner J.C. Conley, Ph.D.; however, the ALJ noted that this was based on a one-time

9

examination of Plaintiff. R. 21. When evaluating Dr. Conely's opinion, the ALJ weighed several factors: (1) whether relevant medical evidence supports the opinion, (2) how well explained the opinion is, (3) how consistent the opinion is with the record as a whole, and (4) whether the opinion is from a specialist in the relevant field. 20 C.F.R. § 416.927. In weighing the factors, the ALJ noted that Dr. Conley did not review any of Plaintiff's medical records and that Dr. Conley's opinion was contradicted by Plaintiff's treatment record showing no significant ongoing memory, attention, or cognitive deficits on examination. R. 29. Therefore, the ALJ had substantial evidence to determine that the record did not support Dr. Conley's opinion. *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

### B. The ALJ's Evaluation of Plaintiff's Anxiety and Depression

Plaintiff's second objection argues that Magistrate Judge Ballou erred in finding that the ALJ's conclusion that Plaintiff's anxiety and depression was not severe was supported by substantial evidence. R. 21–22. Plaintiff contests the fact that his depression and anxiety were categorized as merely situational.

Once again, Plaintiff is asking this Court to review the ALJ's determination at step two. At step two of the process, the ALJ must determine whether Plaintiff has any "severe" impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Plaintiff has the burden of demonstrating that his impairments are severe. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). While impairments are usually deemed non-severe if they do not significantly limit the person's ability to perform "basic work activities," mental impairments require the ALJ to use a special technique to determine severity. 20 C.F.R. §§ 404.1520a(d)(1); 416.920a(d)(1). Thus, mental impairments will be severe if it causes more than mild limitations in one of four broad functional areas: 1) daily living, 2) social functioning, 3) concentration, persistence, or pace, and 4) decomposition. *Id.*

10

As Judge Ballou outlined and the ALJ clearly reviewed, Plaintiff's personal doctor, Dr. Wodicka, repeatedly noted that Plaintiff's anxiety is situational, remote, and related to stress concerning his family. R. 496–98, 610, 612. Furthermore, Dr. Wodicka has treated Plaintiff's depression and anxiety solely with medication and never referred him to a mental health provider until the Court did. R. 496–509, 608–14. In addition, Dr. Wodicka's treatment notes do not reflect any functional limitations arising from these conditions; however, his notes do routinely note that Plaintiff is alert and oriented to time, place and person. R. 497, 501, 503, 506, 507, 612, 614.

In addition to Dr. Wodicka's treatment, the ALJ, as Judge Ballou notes, also considered state agency Drs. Jennings' and Perrott's reports which supported the ALJ's conclusions concerning Plaintiff's anxiety and depression. R. 105–06, 121–22. Therefore, the ALJ's conclusion that Plaintiff's depression and anxiety were non-severe was supported by substantial evidence.

### C. The ALJ's Application of 20 C.F.R. § 404.1520(a)

Plaintiff's third objection argues that Magistrate Judge Ballou erred in finding that the ALJ's conclusion that Plaintiff's "anxiety and depression were not severe as no more than minimal functional limitations resulted" was supported by substantial evidence. Objections to R&R 10. Functionally, Plaintiff is trying to duplicate his previous objection, however, this time grounding the objection in the recent Fourth Circuit opinion, *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015).

As Judge Ballou explicitly notes, this objection lacks merit. R&R 13 n.5. In *Mascio*, the Fourth Circuit declined to accept a per se rule requiring remand where the ALJ does not perform an explicit function-by-function analysis, but the court did find that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions,

11

despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Id. at 636 (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). The *Mascio* Court remanded that case solely because the ALJ did not address whether the claimant could perform certain functions throughout the full workday or address conflicting evidence in the record which prevented meaningful review. *Id.*; *see also Newcomb v. Colvin*, No. 2:14-CV-76, 2015 WL 1954541, at *3 (N.D.W. Va. Apr. 29, 2015) ("The *Mascio* Court held remand was necessary, in part, because the ALJ failed to indicate the weight given to two residual functional capacity assessments which contained relevant conflicting evidence regarding the claimant's weight lifting abilities."). In this case, the ALJ's opinion clearly contains sufficient analysis to allow meaningful review. As mentioned above, the ALJ clearly considered the four functional areas and Plaintiff has failed to identify any functions that the ALJ did not address. *Cf. Mascio,* 780 F.3d at 637 (plaintiff clearly identified functions that the ALJ failed to address). Furthermore, the ALJ specifically noted that he had considered the impact of Plaintiff's obesity in combination with his co-existing impairments. R. 24. Therefore, the ALJ adequately performed the function-by-function analysis through a combination of impairments as required.

### D. The ALJ's Rejection of Ms. Rice's Opinion

Plaintiff's fourth objection argues that Magistrate Judge Ballou erred in finding that the ALJ's rejection of Ms. Rice's opinion was supported by substantial evidence.[3]

As Judge Ballou notes, under the regulations, a counselor, such as Ms. Rice, is not an "acceptable medical source;" rather she is considered a "non-medical source." SSR 06–03p, 2006 WL 2329939, at *2. Therefore, an ALJ may consider her opinion only to the extent that

---

[3] Plaintiff also contends in this objection that Dr. Conley's opinion was also improperly rejected. As mentioned above, this is the second time that Plaintiff makes this objection which was clearly disposed with in Part A.

12

the opinion "provide[s] insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id.* at *4. In determining whether to consider a "non-medical source" opinion, the ALJ must consider the nature and extent of the relationship between the non-acceptable medical source and the claimant, the source's qualifications, the source's area of specialty or expertise, the degree to which the source presents relevant evidence to support her opinion, whether the opinion is consistent with other evidence, and any other factors that tend to support or refute the opinion. *Id.*

In this case, the ALJ appropriately applied these factors and provided substantial evidence based on the record for why he rejected Ms. Rice's opinion.[4] R. 29–30. The ALJ concluded that Ms. Rice's opinion was conclusory and unsupported by the longitudinal record. R. 29. Furthermore, the ALJ noted that Ms. Rice had limited findings on mental status examinations and that she had only been treating Plaintiff for six months prior to rendering the opinion. *Id*. The ALJ also properly considered the discrepancy between Ms. Rice's severe findings and Plaintiff's fairly benign treatment notes.[5] *See e.g., Forsyth v. Astrue,* No. CBD-09-2776, 2011 WL 691581, at *4 (D. Md. Feb. 18, 2011) (finding the ALJ properly reduced the controlling weight of a physician whose conclusions were inconsistent with other physicians' and his own treatment record).

Consequently, the ALJ correctly considered all relevant factors in rejecting Ms. Rice, a non-medical source opinion. *See* SSR 06–03p, 2006 WL 2329939, at *2–4.

---

[4] Most notably, Ms. Rice failed to provide any of her counseling notes to substantiate her opinion. R. 29.

[5] For example, the ALJ noted that Plaintiff's records did not reflect a debilitating condition, and that he has not needed psychiatric hospitalization or intensive outpatient treatment. R. 30.

13

### E. The ALJ's Credibility Determination of the Plaintiff

Plaintiff's fourth objection argues that Magistrate Judge Ballou erred in finding that the ALJ's determination that Plaintiff made inconsistent statements or statements contradicted by other evidence in the record, which significantly undermined his credibility, was supported by substantial evidence. R. 28. Specifically, Plaintiff contends that the ALJ's credibility analysis fails under Fourth Circuit case law because it misstates the record or is irrelevant to the issue of Plaintiff's credibility. *Mascio v. Colvin*, 780 F.3d 632, 649 (4th Cir. 2015).

It is not the role of this Court to determine whether Plaintiff's testimony was fully credible. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility, and whether the ALJ's decision is supported by substantial evidence. *Id.*; *see also Shifflet v. Colvin*, No. 13-112, 2015 WL 1893438, at *9 (W.D. Va. Apr. 27, 2015) (credibility determinations should be disturbed only if "exceptional circumstances" exist).

The ALJ determines whether a claimant is disabled by a two-step process. *Id.* at 594; *see* SSR 96–7p, 1996 WL 374186, at *2 (July 2, 1996). First, the ALJ must find "objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities, and which could reasonably be expected to produce the pain or other symptoms alleged." *Craig*, 76 F.3d at 594 (quotations and emphasis omitted). If such evidence is found, the ALJ must then evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which [they] affect[ ] her ability to work." *Id.* at 595. Among other factors, when evaluating the claimant's credibility the ALJ should consider all evidence in the record, including "[d]iagnosis, prognosis, and other medical opinions provided by treating or examining physicians or psychologists." SSR96–7p, 1996 WL 374186,

at *5.  The ALJ's determination "must contain specific reasons" that "make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight." *Id.* at *4.  By the same token, in *Mascio*, the Court determined that the ALJ only provided vague boilerplate statements rather than explaining how he decided which of Mascio's statements to believe and which to discredit.  780 F.3d at 640.  This "lack of explanation" resulted in the Court remanding the case.  *Id.*

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to produce some symptoms of the general type that have been alleged, but the claimant's contentions as they relate to the intensity, persistence and limiting effects of those symptoms are not credible to the [sic] in light of the longitudinal medical records as a whole."  R. 25.  Supporting this finding with specific reasoning, the ALJ noted Plaintiff's routine, conservative treatment, his medication's ability to control symptoms, and minimal findings on examination and diagnostic testing.  R. 28.

In addition, the ALJ provided specific reasoning in three areas[6] where Plaintiff made inconsistent statements or statements contradicted by other evidence of record: 1) Plaintiff testified that he cannot read and write, but took a written driver's test by himself, and represented that he completed the disability paperwork which provided that he could read, understand English, and write more than his name in English; 2) Plaintiff denied drinking alcohol recently, but his records show occasional alcohol use; and 3) Plaintiff testified of continuous symptoms with his myocardial infarction when the medical evidence rebuts these claims as there were minimal findings on examination and diagnostic testing.  R. 28–29.

---

[6] These are the three areas in which Plaintiff objects the ALJ improperly undermined his credibility.

While Judge Ballou found that the inconsistencies, specifically the alcohol use statements, were tenuous,[7] it is apparent that the ALJ applied the proper legal standard and reviewed the medical record in detail to provide "specific reason[ing]" to his credibility determination with objective medical evidence. SSR96–7p, 1996 WL 374186, at *4; *Mascio,* 780 F.3d at 640. Furthermore, credibility determinations are the province of the ALJ, not the court, and courts normally should not interfere with these determinations if they are supported through specific reasons, as this case provides. *See e.g., Chafin v. Shalala*, No. 92-1847, 1993 WL 329980, at *2 (4th Cir. Aug. 31, 1993) (per curiam) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) and *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964)); *Melvin v. Astrue*, 6:06 CV 00032, 2007 WL 1960600, at *1 (W.D. Va. July 5, 2007) (citing *Hatcher v. Sec'y of Health & Human Servs.,* 898 F.2d 21, 23 (4th Cir. 1989)). Accordingly, as enumerated above, I find that substantial evidence supports the ALJ's credibility determination and I will not disturb this finding. *Johnson v. Barnhart,* 434 F.3d 650, 658–59 (4th Cir. 2005) (per curiam).

## IV. CONCLUSION

After undertaking a *de novo* review of those portions of the R&R to which Plaintiff objected, I find that substantial evidence supports the ALJ's conclusions. Accordingly, I will enter an order overruling Plaintiff's Objections (docket no. 31), adopting the Magistrate Judge's R&R in full (docket no. 28), granting the Commissioner's Motion for Summary Judgment (docket no. 16), denying Plaintiff's Motion for Summary Judgment (docket no. 14), and dismissing and striking this action from the active docket of the Court.

---

[7] As Judge Ballou notes and I agree, it is "highly unlikely, given the medical evidence of the record, that a remand to the agency would change the Commissioner's finding of nondisability" in this case even if the one credibility inconsistency is deemed incorrect. *Tanner v. Comm'r of Soc. Sec.*, 602 F. Appx. 95, 101 (4th Cir. 2015) (unpublished).

16

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record, and to United States Magistrate Judge Robert S. Ballou.

Entered this __16th__ day of September, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

17